IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SYED ASKRI, )<br>)<br>    Debtor/Appellant, )<br>)<br>v. )<br>)<br>THOMAS P. GORMAN, )<br>)<br>    Acting Trustee/Appellee. ) | Civil Action No. 1:21-cv-00799 (RDA/IDD)<br>Bankruptcy Case No. 21-10669-BFK |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Appellant Syed Askri's ("Askri") *pro se* appeal of the United States Bankruptcy Court for the Eastern District of Virginia's ("Bankruptcy Court") order dismissing his Chapter 13 bankruptcy action. The Court dispenses with oral argument because it would not aid in the decisional process. Fed. R. Civ. P. 78; E.D. Va. Loc. Civ. R. 7(J). The Court has reviewed the record (Dkt. 2), Appellant's opening brief (Dkt. 5) and Appellee Thomas P. Gorman, the Trustee's ("Trustee") brief (Dkt. 7). Having considered the issues presented in this appeal, the Court AFFIRMS the judgment of the Bankruptcy Court for the reasons that follow.

I. BACKGROUND

On April 16, 2021, Appellant filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Dkt. 2 at 2. Including the current case, Askri, Askri's wife, or the couple together filed seven bankruptcy cases beginning in 2011 with two of these cases reaching the Fourth Circuit Court of Appeals. *Id.* at 62. Each prior case involved a series of loans secured by their primary residence ("Property"). *Id.* at 70. The current case presents three separate claims, one by creditor Bank of America for a pre-petition arrearage, one by creditor U.S. Bank, and one by Askri's

Homeowner's Association ("HOA"), with each claim secured against the Property. When totaled, the amount claimed by the three parties is approximately $775,000. *Id.* at 79, 126, 135.

Askri began his relationship with the Bankruptcy Court by filing his first claim jointly with his wife as a Chapter 13 petition with the assistance of counsel on December 8, 2011. Dkt. 1, No. 11-18773-RGM (Bankr. E.D. Va. Dec. 8, 2011). In his filing, Askri claimed a total liability of $1,034,987.16 and submitted a monthly plan to pay his debt even though the difference between his income and expenses was less than $100. *Id.* at 8. After the Trustee filed an objection to the confirmation of the plan due to a lack of disposable income, Dkt. 22, No. 11-18773-RGM (Bankr. E.D. Va. Mar. 1, 2012), the Bankruptcy Court denied the Chapter 13 plan and converted the claim to a Chapter 11 reorganization. Dkt. 34, No. 11-18773-RGM (Bankr. E.D. Va. Apr. 19, 2012). When Askri failed to file monthly reports from July of 2012 to March of 2013, the Trustee in the case urged the Bankruptcy Court to convert the case to a Chapter 7 liquidation or dismiss the case. Dkt. 66 at 1, No. 11-18773-RGM (Bankr. E.D. Va. Mar. 14, 2013). The Bankruptcy Court granted the Trustee's motion and converted the case. Dkt. 78, No. 11-18773-RGM (Bankr. E.D. Va. May 15, 2013). Following the conversion to Chapter 7, the Bankruptcy Court dismissed Askri's wife's case on June 25, 2013, after she failed to appear at a creditor's conference. Dkt. 92, No. 11-18773-RGM (Bankr. E.D. Va. June 24, 2013). The Bankruptcy Court closed the case by discharging Askri on September 4, 2013. Dkt. 102, No. 11-18773-RGM (Bankr. E.D. Va. Sep. 4, 2013).

Less than four months after the Bankruptcy Court discharged Askri, his wife filed another Chapter 13 plan to pay their creditors. Dkt. 1, No. 14-10200-BFK (Bankr. E.D. Va. Jan. 17, 2014). In her plan, Askri's wife again claimed over $1,000,000 in debts and reported a monthly disposable income of approximately $100 to resolve the debts. Dkt. 27 at 1, No. 14-10200-BFK (Bankr. E.D. Va. Feb. 11, 2014). For the first time, she claimed the Property was underwater and sought an

exemption. Dkt. 26 at 5, No. 14-10200-BFK (Bankr. E.D. Va. Feb. 11, 2014). Like the first filing, a creditor objected to the confirmation of the plan because of insufficient funds to satisfy the outstanding debts. Dkt. 28 at 1-2, 14-10200-BFK (Bankr. E.D. Va. Feb. 19, 2014). The creditor also objected to the exemption claim by Askri's wife that would eliminate the creditor's interest in the Property. *Id.* In response, Askri's wife filed her first modified plan that still lacked the funds to pay the outstanding debt but simply removed one of the creditors from the plan. Dkt. 39 at 4, No. 14-10200-BFK (Bankr. E.D. Va. Mar. 18, 2014). After a series of motions and hearings, the Bankruptcy Court denied the confirmation of the Chapter 13 plan on April 18, 2014. Dkt. 86, No. 14-10200-BFK (Bankr. E.D. Va. Apr. 18, 2014).

On August 12, 2014, Askri's wife filed her second modified Chapter 13 plan of the case with the same defects as her previous filings. Dkt. 96, No. 14-10200-BFK (Bankr. E.D. Va. Aug. 12, 2014). Accompanying the third plan, Askri, on behalf of his wife, alleged fraud against one of the creditors for allegedly producing a false proof of claim and for alleged misconduct by court employees for failing to file one of Askri's prior motions. Dkt. 97 at 2, No. 14-10200-BFK (Bankr. E.D. Va. Aug. 14, 2014). The Bankruptcy Court denied the second modified Chapter 13 plan on September 19, 2014, Dkt. 119, No. 14-10200-BFK (Bankr. E.D. Va. Sep. 18, 2014), and granted the creditor's motion to remove the stay preventing foreclosure of the Property. Dkt. 113, No. 14-10200-BFK (Bankr. E.D. Va. Sep. 18, 2014). Askri appealed the Bankruptcy Court's decision denying his motion on September 26, 2014. Dkt. 122, No. 14-10200-BFK (Bankr. E.D. Va. Sep. 26, 2014). While the appeal was still ongoing, on October 9, 2014, Askri's wife filed a third amended Chapter 13 plan. Dkt. 127, No. 14-10200-BFK (Bankr. E.D. Va. Oct. 9, 2014). The Bankruptcy Court denied the confirmation of the newest plan and dismissed the case on November 18, 2014. Dkt. Nos. 140-41, No. 14-10200-BFK (Bankr. E.D. Va. Nov. 18, 2014). The District

Court later affirmed the Bankruptcy Court's decision. Dkt. 158, No. 14-10200-BFK (Bankr. E.D. Va. Feb. 20, 2015).

In April of 2015, shortly after the District Court's decision, Askri filed his first unaccompanied Chapter 13 plan. Dkt. 1, No. 15-11267-RGM (Bankr. E.D. Va. Apr. 15, 2015). In his plan, Askri sought to avoid liens and secured interests on his Property because he claimed insolvency. Dkt. 20 at 5, No. 15-11267-RGM (Bankr. E.D. Va. May 13, 2015). Again, the creditors and the Trustee filed objections to the confirmation of Askri's Chapter 13 plan because the plan lacked the funds to satisfy Askri's debts. Dkt. Nos. 23 at 1-2; 25 at 1-2; 27 at 1-2, No. 15-11267-RGM (Bankr. E.D. Va.). Askri then modified the plan twice over the course of two weeks, Dkt. Nos. 31; 37, No. 15-11267-RGM (Bankr. E.D. Va.), to which a creditor and the Trustee objected. Dkt. Nos. 42-43, No. 15-11267-RGM (Bankr. E.D. Va.). The Bankruptcy Court denied the confirmation of the plan without leave to amend on August 20, 2015, Dkt. 51, No. 15-11267-RGM (Bankr. E.D. Va. Aug. 20, 2015), and Askri appealed the Bankruptcy Court's decision to the District Court. Dkt. 53, No. 15-11267-RGM (Bankr. E.D. Va. Aug. 27, 2015). The District Court affirmed the Bankruptcy Court's decision. Dkt. 66, No. 15-11267-RGM (Bankr. E.D. Va. Dec. 18, 2015). Askri appealed to the Court of Appeals for the Fourth Circuit, which also affirmed the Bankruptcy Court on June 28, 2016. *See Askri v. First Horizon Bank*, 667 F. App'x 50 (4th Cir. 2016).

On December 30, 2015, Askri's wife filed a Chapter 11 petition. Dkt. 1, No. 15-14542-KHK (Bankr. E.D. Va. Dec. 30, 2015). In her petition, Askri's wife asserted a rescission claim against one of their creditors. *Id.* at 28-30. As part of the bankruptcy proceedings, a court-ordered stay on the foreclosure of the Property prevented the creditors from seizing the Property. Dkt. 34 at 1-2, No. 15-14542-KHK (Bankr. E.D. Va. Mar. 10, 2015). In anticipation of the Bankruptcy

4

Court granting the creditors' motion for relief from the stay, Askri filed a motion to amend and a motion to vacate the upcoming order lifting the stay. Dkt. 43, 15-14542-KHK (Bankr. E.D. Va. Apr. 14, 2015). The Bankruptcy Court granted the creditors' motion. Dkt. 47, No. 15-14542-KHK (Bankr. E.D. Va. Apr. 19, 2015). On May 24, 2016, Askri filed a notice of appeal to challenge the Bankruptcy Court's ruling. Dkt. 56, No. 15-14542-KHK (Bankr. E.D. Va. May 24, 2016). Before the appeal was decided, on February 15, 2017, Askri's wife filed a motion to dismiss the case, and the Bankruptcy Court granted it. Dkt. 94, No. 15-14542-KHK (Bankr. E.D. Va. June 13, 2017). The District Court affirmed the Bankruptcy's Court's dismissal of Askri's motions and dismissed the case. Dkt. 98, 15-14542-KHK (Bankr. E.D. Va. Mar. 7, 2018).

While awaiting the result of his appeal to the District Court, Askri filed a voluntary Chapter 13 petition without a proposed plan on January 25, 2017. Dkt. 1, 17-10257-BFK (Bankr. E.D. Va. Jan. 25, 2017). Askri made a motion to extend the deadline for the filing of his plan on February 1, 2017, and the Bankruptcy Court granted the motion on February 3, 2017. Dkt. 13, 17-10257-BFK (Bankr. E.D. Va. Feb. 3, 2017). In response, a creditor moved for relief from the stay caused by the filing of the suit, claiming the Property was scheduled for foreclosure on January 27, 2017, two days before Askri filed his Chapter 13 petition. Dkt. 16 at 6-7, No. 17-10257-BFK (Bankr. E.D. Va. Feb. 9, 2017). Askri filed his Chapter 13 plan on February 28, 2017, restating that he was insolvent. Dkt. 25 at 4-5, No. 17-10257-BFK (Bankr. E.D. Va. Feb. 28, 2017). Both the creditors and the Trustee objected to the confirmation of Askri's proposed Chapter 13 plan. Dkt. Nos. 28; 30, No. 17-10257-BFK (Bankr. E.D. Va.). On April 11, 2017, the Bankruptcy Court granted the creditor's motion for relief from stay and modified the automatic stay imposed by bankruptcy proceedings to allow foreclosure. Dkt. 43, No. 17-10257-BFK (Bankr. E.D. Va. Apr. 11, 2017). The Bankruptcy Court further ordered *in rem* relief imposing an equitable servitude

against the Property. *Id.* at 2.  On April 12, 2017, Askri appealed the Bankruptcy Court's decision to the District Court and filed a modified Chapter 13 plan asserting rescission as a defense to foreclosure two days later. Dkt. 53 at 4, No. 17-10257-BFK (Bankr. E.D. Va. Apr. 14, 2017).

In addition to his appeal, Askri filed a motion to stay the order allowing foreclosure pending his appeal.  Dkt. 49, No. 17-10257-BFK (Bankr. E.D. Va. Apr. 14, 2017).  The Bankruptcy Court, in a short opinion, denied Askri's motion because of his and his wife's history of unsuccessful bankruptcy filings.  Dkt. 60, No. 17-10257-BFK (Bankr. E.D. Va. Apr. 20, 2017).  On April 25, 2017, the Bankruptcy Court dismissed the case on Trustee's motion to dismiss.  Dkt. 64, No. 17-10257-BFK (Bankr. E.D. Va. Apr. 25, 2017).  Further, the District Court affirmed the Bankruptcy Court's decision on November 8, 2017.  *In re Askri*, 580 B.R. 460 (E.D. Va. 2017).  In her opinion, Judge Brinkema dismissed Askri's claims that he validly rescinded his loans due to his inability to tender payment and dismissed Askri's claims that Trustee violated his role in the proceeding.  *Id.* at 463-65.  Following the decision of the Bankruptcy Court, Askri appealed and the Fourth Circuit affirmed the decision of the Bankruptcy Court on June 25, 2018 for the reasons stated in Judge Brinkema's opinion.  *See Askri v. First Horizon Bank*, 727 F. App'x 771 (4th Cir. 2018).

On September 6, 2018, Askri filed a Chapter 11 claim.  Dkt. 1, No. 18-13031-KHK (Bankr. E.D. Va. Sep. 6, 2018).  In his Chapter 11 petition, Askri maintained that his prior bankruptcy proceeding remained pending before the Supreme Court of the United States on a writ of certiorari. *Id.* at 3.  As in previous cases, a creditor filed a motion for relief from the stay automatically imposed by the bankruptcy proceedings.  Dkt. 31, No. 18-13031-KHK (Bankr. E.D. Va. Nov. 14, 2018).  When granting the creditor's motion on February 15, 2019, the Bankruptcy Court "found that the Debtor engaged in a scheme to delay, hinder, or defraud creditors that involved multiple bankruptcy filings affecting the subject real property."  Dkt. 42 at 2, No. 18-13031-KHK (Bankr.

6

E.D. Va. Feb. 15, 2018). On February 22, 2019, Askri appealed the Bankruptcy Court's decision and, in an opinion by Judge Ellis, the District Court affirmed the decision on February 20, 2020 to "prevent the abuse of the bankruptcy system by serial filers seeking to delay and hinder foreclosure." Dkt. 136, No. 18-13031-KHK (Bankr. E.D. Va. Feb. 20, 2020). Askri appealed the District Court's decision and the Fourth Circuit affirmed the District Court's ruling on September 22, 2020. *In re Askri*, 813 F. App'x 144 (4th Cir. 2020).

Prior to the District Court's decision, the Bankruptcy Court converted Askri's case to a Chapter 7 liquidation despite Askri's attempts to convert his case to Chapter 13. Dkt. 93, No. 18-13031-KHK (Bankr. E.D. Va. Aug. 30, 2019). Askri appealed this Bankruptcy Court decision to the District Court as well on September 13, 2019. Dkt. 107, No. 18-13031-KHK (Bankr. E.D. Va. Sep. 13, 2019). Consistent with all prior appeals to the District Court, the District Court affirmed the Bankruptcy Court's ruling converting the case from Chapter 11 to Chapter 7. Dkt. 137, No. 18-13031-KHK (Bankr. E.D. Va. Feb. 20, 2020). In his opinion, Judge Ellis affirmed the Bankruptcy Court's decision to convert the case to Chapter 7 rather than dismiss the case because "it is abundantly clear that [Askri] or his wife may file a further bankruptcy case if the instant case were to be dismissed." *Id.* at 6. Further, Judge Ellis noted the bad-faith filings because Askri or his wife "have filed six bankruptcies over seven years, four of which were filed within one week of a scheduled foreclosure sale of their property." *Id.* at 3. Following the failure of each appeal, the case was dismissed by the Bankruptcy Court on September 24, 2020 without discharge. Dkt. 147, No. 18-13031-KHK (Bankr. E.D. Va. Sep. 24, 2020).

Upon filing the instant Chapter 13 voluntary petition on April 16, 2021, Dkt. 2-2 at 2, Askri submitted a plan to pay off his debts in a series of equal monthly installments over the course of five years as allowed by Chapter 13 of the Bankruptcy Code. *Id.* at 48. Askri's plan included

7

paying one of the two secured creditors, U.S. Bank, his HOA, and the Trustee charged with overseeing his Chapter 13 plan but did not allocate any funds to Bank of America. *Id.* In the plan, Askri sought an exemption of $350,000 because "[his] property is under water." *Id.* at 47. Askri's proposed plan totaled $218,930.99, more than $500,000 less than Askri's outstanding debt, and included unconfirmed "contributions from children" that totaled $3,000 per month. *Id.* at 48. After Askri filed this Chapter 13 petition, the Trustee and these three creditors filed objections to Askri's proposed payment plan. *Id.* at 57, 79, 126, 135. U.S. Bank and Bank of America objected to Askri's plan because the plan failed to fulfill his outstanding debts. *Id.* at 79, 134. Trustee objected to the plan both at the time of Askri's filing in the Bankruptcy Court and upon Askri's appeal to this Court on the grounds that Askri engaged in bad-faith practices by filing frivolous lawsuits and could not meet the financial commitments made in the plan. *Id.* at 57.

On June 24, 2021, the Bankruptcy Court held a hearing on Trustee's Motion to Dismiss with Prejudice and on June 25, 2021, the court granted the motion. Dkt. 2 at 145-46. In its order, the Bankruptcy Court made the factual determination that Askri's "income, arrearages, and additional liabilities that have not been accounted nor provided for in his Plan" make reorganization "objectively futile." *Id.* at 145. In granting Trustee's motion, the Bankruptcy Court imposed a one-year moratorium on Askri's right to file another bankruptcy petition and awarded interest earned and attributable to payments made under the Plan to Trustee. Askri timely filed a notice of appeal on July 7, 2021. *Id.* at 149.

Askri filed his opening appellate brief on September 2, 2021. Dkt. 5. Judge Ellis reassigned the appeal to this Court on September 20, 2021. Trustee filed its appellate response brief on September 28, 2021. Dkt. 7. Askri did not file a reply brief.

8

## II. STANDARD OF REVIEW

"When reviewing a decision of the Bankruptcy Court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010) (citation omitted). Thus, the district court reviews questions of fact under the "clearly erroneous" standard. *Id.* "The clear error standard requires 'a reviewing court [to] ask whether on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Span*, 789 F.3d 320, 325 (4th Cir. 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations omitted)). Legal conclusions are reviewed *de novo*. *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). In cases where the issues present mixed questions of law and fact, the Court employs "a hybrid standard, applying to the factual portion of each inquiry the same standard applied to questions of pure fact and examining *de novo* the legal conclusions derived from those facts." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996) (internal citation omitted). Decisions committed to the bankruptcy court's discretion are reviewed for abuse of discretion. *See Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

## III. ANALYSIS

Askri raises fourteen issues on appeal[1] and continues to assert a number of legal issues already disposed of in his prior appeals before this Court. For one, he again questions the role of the Trustee and asserts that the Trustee "abandoned all pretense of neutrality" in "advocating on behalf of the purported creditor who is not [the] true creditor." Dkt. 5 at 4. Askri also reasserts his defense of rescission that would preclude the foreclosure of the Property, urging that the case

---

[1] This Court disposes of these issues by grouping them as appropriate.

be remanded to the bankruptcy court to allow for discovery. This time, Askri asserts that he and his wife rescinded an outstanding loan on April 12, 2021 and offered to tender the balance of the loan "after deducting [their] claims and damages." *Id.* at 5-8. He argues that he already tendered to perfect rescission as to his three outstanding mortgages and that the Bankruptcy Court erroneously dismissed the claim. *Id.* at 9, 14-17. Askri further maintains that he has acted in good faith because he argues he can make the payments under the Plan. *Id.* at 10-14. Askri petitions this Court to remand back to the Bankruptcy Court to continue the Chapter 13 case or to convert to Chapter 11 in light of a fictitious entity's allegedly improper handling of his monthly mortgage payments and an invalid deed of trust. *Id.* at 17-20. Lastly, Askri appears to argue that Trustee failed to file a corporate disclosure statement before the Bankruptcy Court in accordance with Bankruptcy Rule 7007.1. As such, Askri requests that the case be remanded to a new bankruptcy judge who may be considered "neutral."

Trustee argues that the issues Askri raises in his opening brief have been previously adjudicated by the Bankruptcy Court, the District Court, and the Fourth Circuit, including the validity of the deeds of trust. Dkt. 7 at 4. And while Askri relies on *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015) to argue the legitimacy of his rescission claim, Trustee maintains that Askri must still tender or at least demonstrate the ability to tender the balance of the outstanding loan.

### A. Bankruptcy Court's Factual Determinations

This Court reviews whether the Bankruptcy Court's factual findings were clearly erroneous. Specifically, the Court reviews the Bankruptcy Court's findings as to Askri's ability to pay his outstanding debts under a Chapter 13 Plan ("Plan") to his creditors and thereby avoid the foreclosure of the Property. To begin, as the Court previously warned Askri in his prior appeal,

10

"in the absence of a transcript" of the motion to dismiss hearing, this Court "assumes . . . that the bankruptcy court made the appropriate factual and legal findings that would have led it to reject Askri's arguments." Dkt. 2 at 74. Askri bears the burden to show otherwise.

Despite Askri's argument that he and his wife are not in material default and can achieve Plan confirmation, Dkt. 5 at 4, a review of the Plan and the record reveals that Askri continues not to provide evidence that he has, or has the ability to, satisfy his outstanding debts; the Bankruptcy Court's determination that Askri's "income, arrearages, and additional liabilities that have not been accounted nor provided for in his plan" make "this case reorganization [] objectively futile" was not clearly erroneous. Dkt. 2 at 145; *see also id.* at 58 (noting that Askri's latest plan proposes to pay less than one-third of the outstanding $711,796.69 claim); *In re Askri*, 580 B.R. 460, 465 (E.D. Va. 2017), *aff'd*, *Askri v. First Horizon Bank*, 727 F. App'x 771 (4th Cir. 2018) (assessing Askri's repayment plan, including the $3,000.00 in "speculative" contributions from his children, and determining that "Askri cannot show that any determination that he could not make such aggressive payments was clearly erroneous"). Together, the Bankruptcy Court record and its past rulings make clear that the factual findings underlying the dismissal of Askri's Chapter 13 petition are not clearly erroneous.

### B. Askri's Legal Questions on Appeal

#### 1. Role of the Trustee

Askri has provided no evidence of wrongdoing as a matter of law by Trustee. As the Court has already observed in reviewing one of Askri's prior appeals, Askri:

> appears to misunderstand the role of the Trustee. The trustee does not have an overriding obligation of "neutrality" but instead must (among other duties) investigate the financial affairs of the debtor and may, if he finds it to be in the best interests of the creditors and the estate, move to dismiss the petition. *See* 11 U.S.C. §§ 1302, 1307.

Dkt. 2 at 74.

2. Rescission Claim

Despite Askri's assertions, previous courts adjudicated the rescission claim prior to the filing of his current petition. *Id.* at 72-74. In 2017, Judge Brinkema, reviewing a decision by the Bankruptcy Court involving similar claims by Askri, found the rescission claim meritless due to Askri's absence of proof demonstrating the ability to tender the full value of the loan as required by the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. *Id.* at 73; *see also In re Askri*, 580 B.R. at 464 (holding that Askri "provided no evidence to the bankruptcy court to support" his claim that he "has tendered the full balance of each loan to perfect the rescission"). Askri failed to address Judge Brinkema's decision in the instant appeal rendering his rescission claim legless.

3. Bad Faith

In the 2017 case, Askri, "under penalty of perjury," claimed he previously tendered full payment to his three creditors for all outstanding debts, but these statements were false. *Id.* (quoting *In Re Askri*, 580 B.R. at 463). Askri failed to provide the court evidence of his claimed payments and continues to file petitions to prevent foreclosure by the same creditors he reported to pay. *Id.* Moreover, Askri has falsely represented before this Court that he has not had any prior filings before the District Court for the Eastern District of Virginia. *See* Dkt. 5 at 25. After ten years of attempts to outfox the Bankruptcy Code, Askri continues to fall well short of the good-faith expected of him in seeking to pay his outstanding debts. Again, the Bankruptcy Court's decision dismissing Askri's latest Plan is legally sound and will be upheld.

4. Bankruptcy Rule 7007.1 Disclosure

Corporate entities in a bankruptcy adversary proceeding are required to file a corporate ownership statement under Federal Rule of Bankruptcy Procedure 7007.1. *See In re Robins*, Nos.

08-30497; 08-3212, 2008 WL 4264721, at *3 (N.D. Ohio Sept. 11, 2008) ("Rule 7007.1 requires such a statement only when a corporation is a party to an adversary proceeding."). This appeal involves a Chapter 13 bankruptcy proceeding. Askri's argument is of no moment.

## IV.  CONCLUSION

For the reasons stated above, the Court upholds the Bankruptcy Court's dismissal order, and it is hereby ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

Should Debtor wish to appeal this Order, he must do so by filing a notice of appeal with the Clerk of this court within thirty (30) days after entry of this Order, pursuant to Rules 4, 5 and 6 of the Fed. R. App. P. Failure to file a timely notice of appeal waives the right to appeal.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Askri at his address on file, to counsel of record for Trustee and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 29, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge

13